```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA               :
                                       :
              -v-                      :      22 Cr. 115 (DLC)
                                       :
JOSEPH BRADDY,                         :        MEMORANDUM
                                       :      OPINION AND ORDER
                    Defendant.         :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

Joseph Braddy has filed a petition for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). That petition is denied.

On September 16, 2022, Braddy pleaded guilty to conspiring to distribute cocaine and fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). On December 21, this Court sentenced Braddy principally to 120 months' imprisonment. He is serving that sentence at Federal Correctional Institution-Loretto. He is fifty-two years old and the Bureau of Prisons ("BOP") projects that he will be released on March 21, 2030.

On October 17, 2023, Braddy made a request of his warden for compassionate release based on his back pain and his concern that something was deeply wrong with his right kidney, as well as his family's need for his help to care for his 18-year-old autistic son. Braddy represents that he has not received any

response.  Proceeding pro se, moved this Court for compassionate release on March 21, 2024.

Braddy's petition is ripe for review, because 30 days have passed since he filed his administrative request for compassionate relief.  18 U.S.C. § 3852(c)(1)(A).  The Court may therefore reduce his sentence if it finds that "extraordinary and compelling reasons" warrant a reduction, 18 U.S.C. § 3582(c)(1)(A)(i).  District courts are tasked with "independently . . . determin[ing] what reasons, for purposes of compassionate release, are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).  If the Court finds that "extraordinary and compelling reasons" are present, the Court must also consider the sentencing factors set forth at 18 U.S.C. § 3553(a) before reducing the sentence.  United States v. Amato, 48 F.4th 61, 63 (2d Cir. 2022) (citing 18 U.S.C. § 3582(c)(1)).

Braddy has not demonstrated either extraordinary and compelling reasons for reducing his sentence or that the § 3553(a) factors warrant early release.  Each of these issues will be addressed in turn.

Braddy's physical ailments were known at the time of sentence and there does not appear that his medical condition has significantly deteriorated since that time.  As described in

the Pre-Sentence Report ("PSR"), Braddy was shot in 2007 in his stomach and side.  Bullets from that shooting are lodged in his spine and side and cause him constant pain.  While in custody that pain is treated with ibuprofen or acetaminophen.  While in custody in 2022, he was diagnosed with a cyst on his right kidney.  It needs to be medically monitored for growth and to be sure it is not malignant.  The PSR describes other health problems that are treated through medication.  As for his son, the PSR explains that the son is autistic but is able to speak and attend school.  Braddy served as his son's primary caregiver, taking him to his therapy appointments since Braddy's wife works full time.  Each of these issues was considered at sentencing and they do not present either extraordinary or compelling reasons for reducing the sentence.  It appears from the record, moreover, that the medical conditions are being effectively managed in the correctional setting.  The Judgment of Conviction recommended that the defendant be monitored and receive treatment for the kidney cyst, and another order will be issued to remind the Bureau of Prisons of that recommendation.

As significantly, the § 3553(a) factors counsel against a reduction of sentence.  Braddy committed a serious crime.  Braddy led a drug trafficking organization that operated in and near a public housing complex in East Harlem in Manhattan.  The

organization sold cocaine and fentanyl.  Many of the workers in his organization were addicts.  Braddy's extensive criminal record reflects that he sold drugs from this public housing complex for years, from his teenage years and throughout his adulthood.

The defendant was sentenced on December 21, 2022, principally to a sentence of 120 months' imprisonment.  This was a substantial variance from his guidelines range of 188 to 235 months.  It was also substantially below the sentence recommended by the Government and below the 144 months recommended by the Probation Department.

This Court accounted for the grave nature of Braddy's criminal activity, his underlying medical conditions, and his family's needs, among other relevant facts, in imposing sentence.  Braddy has served only a year and a half since that sentence was imposed.  No reduction is warranted.  Accordingly, it is hereby

ORDERED that the March 21, 2024 petition for compassionate release pursuant to § 3582(c)(1)(A) is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mail a copy of this Order to Braddy and note mailing on the docket.

SO ORDERED:

Dated:   New York, New York
         April 24, 2024

                                    _____
                                         DENISE COTE
                                    United States District Judge

Copy mailed to:
JOSEPH BRADDY (87953-509)
FCI LORETTO
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
CRESSON, PA 16630